# United States Court of Appeals

## For the First Circuit

No. 04-1358

LUIS ENRIQUE GALICIA,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
Lynch, Circuit Judge.

Donald H. Barnes on brief for petitioner.

David E. Dauenheimer, Attorney, Office of Immigration
Litigation, Civil Division, Peter D. Keisler, Assistant Attorney
General, Civil Division, and Richard M. Evans, Assistant Director,
on brief for respondent.

January 27, 2005

**LYNCH**, **Circuit Judge**.    Luis Enrique Galicia ("petitioner") is a gay man who was, as a result of his homosexuality, both beaten and verbally abused in 1998 by his neighbors in his home village of Jalapa, Guatemala.  He entered the United States illegally later that year, applied for asylum, and had a removal hearing (after many continuances) on September 6, 2002.  The Immigration Judge (IJ) that day denied his claims for asylum and withholding of removal based on claimed persecution against homosexuals, but granted Galicia voluntary departure.  The Board of Immigration Appeals (BIA) summarily affirmed on February 11, 2004, which, under  Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003), means that the IJ's decision is the final order for purposes of the petition for review now before us.

Petitioner makes two arguments: (1) there was procedural error by the IJ in excluding certain belatedly proffered documentary evidence, and (2) the IJ's findings were not supported by substantial evidence.   In support of these arguments, petitioner's brief cites to extra-record reports, including a 2003 U.S. State Department Country Report on Human Rights Practices in Guatemala.

Claimed Procedural Error

In order to make out a viable claim of procedural error in this context, petitioner must show that the exclusion of the documentary evidence was an abuse of discretion by the IJ.  See

Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (upholding IJ's refusal to accept late-filed evidence under abuse of discretion standard); cf. Aguilar-Solis v. INS, 168 F.3d 565, 568 (1st Cir. 1999) ("An immigration judge, like other judicial officers, possesses broad (though not uncabined) discretion over the conduct of trial proceedings."). Inherent in that standard is that there must be some prejudice to petitioner. See Chay-Velasquez, 367 F.3d at 756.

The offer of evidence was made on the day of the hearing, in violation of both the local rule requiring pre-hearing marking of exhibits and the IJ's express warning of the need for adherence to the rule. The record is also clear that the documents were incomplete and not in proper format. Moreover, the record does not reveal why the tender of the evidence was so late. There was no abuse of discretion by the IJ in refusing to admit such evidence.

Claimed Lack of Substantial Evidence

It was petitioner's burden to establish that he met the criteria for asylum by establishing that he (1) suffered past persecution or (2) has a well founded fear of future persecution, based on petitioner's race, religion, nationality, membership in a particular social group, or political opinion, and that petitioner is unable or unwilling to avail him- or herself of the protection of that country because of such persecution. See 8 C.F.R. § 208.13(a)-(b). The IJ found his testimony and evidence

-3-

insufficient in at least two respects. First, with respect to past persecution, Galicia did not show that the harassment he suffered was by the government or a group the government could not control. Silva v. Ashcroft, No. 03-2738, 2005 WL 18231 at *5 (1st Cir. Jan. 5, 2005) ("Action by non-governmental actors can undergird a claim of persecution only if there is some showing that the alleged persecutors are in league with the government or are not controllable by the government."). The beating he received was by young men, including one he knew from his church, and Galicia made no effort to contact the authorities or any other group in the country that might be able to help him. Second, with respect to future persecution, the IJ concluded that Galicia had not shown he could not safely live elsewhere in Guatemala and, thus, had not demonstrated that a reasonable person in his position would fear persecution if returned to Guatemala. See Mukamusoni v. Ashcroft, 390 F.3d 110, 120 (1st Cir. 2004) ("[T]o show a well-founded fear or future persecution," an applicant must show "that [his] fear is reasonable."). As to that, Galicia made no effort to relocate elsewhere, and he explained this only on the basis that he did not have family elsewhere. A 1997 Department of State Country Conditions Report introduced at the hearing by the respondent did not support Galicia's claims of country-wide and government-sponsored or condoned discrimination against homosexuals. We have carefully reviewed the record and the IJ's conclusions are

supported by substantial evidence.

We add one more note. It was improper for several reasons for petitioner's counsel to cite the 2003 U.S. State Department Country Report on Human Rights Practices in his brief to this court. This document was not proffered to the IJ or the BIA; review by this court is confined to the administrative record. See 8 U.S.C. § 1253(b)(4)(A); Mekhoukh v. Ashcroft, 358 F.3d 118, 123 (1st Cir. 2004). It is true that the report post-dated the removal proceeding. But it or similar reports could have been called to the attention of the BIA, see Hazzard v. INS, 951 F.2d 435, 440 (1st Cir. 1991), or could have been made the subject of a motion to reopen, see 8 C.F.R. § 1003.2(a), (c). Perhaps counsel failed to take these steps because the newly cited material does not compel the conclusion he seeks. Indeed, the 2003 State Department report refers to violence against "homosexual male 'sex' workers." Counsel, in citing the report to us, should not have attempted to mislead the court by omitting the word "sex" and referring only to "homosexual male workers." Petitioner, as we understand it, has never claimed he was a "sex worker."

The IJ and BIA decisions are **<u>affirmed</u>**.