# United States Court of Appeals

## For the First Circuit

No. 08-1570

ANDREA DEL CARMEN CASTILLO-DIAZ,

Petitioner,

v.

ERIC H. HOLDER, JR.[*], Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, John R. Gibson,[**] and Howard,
Circuit Judges.

Jose A. Espinosa for petitioner.
Gregory G. Katsas, Assistant Attorney General, Civil Division,
Francis Fraser, Senior Litigation Counsel and Kate D. Balaban,
Trial Attorney, Office of Immigration Litigation, Civil Division,
United States Department of Justice, for respondent.

March 30, 2009

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent herein.

[**]Of the Eighth Circuit, sitting by designation.

**HOWARD, Circuit Judge.** Petitioner Andrea Del Carmen Castillo-Diaz, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals ("BIA") final order summarily affirming an Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal. Finding no legal error in the IJ's reasoning, and discerning substantial evidence in the record supporting the IJ's determination, we deny the petition.

## I. BACKGROUND

Castillo-Diaz entered the United States without inspection on or about July 6, 2003, and shortly thereafter the Department of Homeland Security ("DHS") issued a notice to appear charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Castillo-Diaz conceded the charge, and in June 2004 filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that she had been the victim of "unknown men who kidnapped and raped" her, and that they would attack her again if she returned to El Salvador.

At an evidentiary hearing before an IJ two years later, Castillo-Diaz provided the factual basis for her application. According to her testimony, in March 2003, while she was walking near her home, two unidentified men grabbed her, pulled her inside a van, and raped her. She was fifteen years old. Scared and traumatized by the attack, Castillo-Diaz did not report the

-2-

incident. Although she admitted to having no reason to believe that her attackers could identify her, she nonetheless feared that they would find and retaliate against her or her family if she involved the police. Two months later, Castillo-Diaz learned that she was pregnant as a result of the rape, and her family made arrangements for her to join her mother in the United States. As noted above, she entered the United States and was charged with removability shortly thereafter. In November 2003, while still living in the United States and with the DHS's charge of removability still pending, she gave birth to a child.

In an oral decision, the IJ concluded that she had not demonstrated her eligibility for asylum.[1] Specifically, the IJ found that Castillo-Diaz had not established her membership in a cognizable "particular social group" within the meaning of 8 U.S.C. § 1101(a)(42)(A), explaining that neither "young women," "women generally," nor "anyone who is vulnerable" is a recognized group for asylum purposes. On the contrary, the IJ characterized Castillo-Diaz as "the victim of a crime," and noted that "fear of crime, or fear of general violence . . . has never been accepted as a ground for asylum or withholding of removal." The IJ further found that Castillo-Diaz had failed to carry her burden to establish that the government of El Salvador would be unable or

_____

[1]Although the IJ did not specifically make a credibility determination, he treated Castillo-Diaz's testimony as credible for purposes of his decision.

-3-

unwilling to control the individuals who raped her, noting that although her reluctance to report the crime was understandable given the "tremendous risk" she would have incurred in testifying against "dangerous violent people," her decision not to involve the police nonetheless "made it impossible for the government to attempt to do anything" to protect her. Additionally, the IJ found that even if Castillo-Diaz had shown a threat of persecution, she had not shown that "the threat of persecution is country wide and not just confined to a small area," noting that while rape occurs country wide in El Salvador, Castillo-Diaz had not shown that her attackers would conceivably "search for her in any wider area than just the town in which she lived." Finally, the IJ found that Castillo-Diaz had not provided adequate evidentiary support for her claim for protection under the CAT, noting that the men who raped her had not been shown to have a connection to the government of El Salvador.[2] The IJ therefore found Castillo-Diaz removable as charged, denied her applications for asylum, withholding of removal, and CAT relief, and ordered her removed to El Salvador.

Castillo-Diaz appealed to the BIA, which affirmed the IJ without opinion.[3] This petition followed. We have jurisdiction

---

[2]Castillo-Diaz has not appealed the IJ and BIA's denial of her CAT claim.

[3]Castillo-Diaz asserts that the BIA's use of its "affirmance without opinion" procedure denied her due process of law. We have rejected this challenge before, and for the same reasons, we do so again here. See, e.g., Liu v. Mukasey, 553 F.3d 37 (1st Cir. 2009)

pursuant to § 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1).

## II. STANDARD OF REVIEW

Where, as here, the BIA summarily affirms the IJ's decision under the "affirmance without opinion" procedure outlined in 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision directly as if it were the decision of the BIA. Aguilar v. Gonzales, 475 F.3d 415, 417 (1st Cir. 2007).

We review the IJ's findings of fact under the deferential "substantial evidence" standard, reversing only if a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Khan v. Mukasey, 549 F.3d 573, 576 (1st Cir. 2008); Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004). Under this standard, the decision will be upheld "'if supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Carcamo-Recinos v. Ashcroft, 389 F.3d 253, 256 (1st Cir. 2004) (quoting Khalil v. Ashcroft, 337 F.3d 50, 55 (1st Cir. 2003)). In contrast, we review questions of law de novo. Pan v. Gonzales, 445 F.3d 60, 61 (1st Cir. 2006).

---

(citing Albathani v. INS, 318 F.3d 365, 377 (1st Cir. 2003)); Disu v. Ashcroft, 338 F.3d 13, 18 (1st Cir. 2003) (citing Albathani, 318 F.3d at 375-79; El Moraghy v. Ashcroft, 331 F.3d 195, 205-06 (1st Cir. 2003)).

## III. LEGAL STANDARDS

Section 208(a) of the INA authorizes the Attorney General to exercise his discretion to grant asylum to eligible refugee aliens. 8 U.S.C. § 1159(a). The alien bears the burden of demonstrating her eligibility for asylum. 8 U.S.C. § 1158(b)(1); 8 C.F.R. § 1208.13(a); Romilus, 385 F.3d at 6. There are two ways an alien can establish that eligibility. First, she can demonstrate that while in the relevant foreign country she suffered persecution in the past on the basis of her race, religion, nationality, membership in a particular social group, or political opinion, and that she consequently has a well-founded fear of persecution such that she is unable or unwilling to return to that country. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b). An alien who demonstrates past persecution is presumed, subject to rebuttal, to have a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b).

Second, an alien can demonstrate directly her well-founded fear of future persecution through an offer of "specific proof." Romilus, 385 F.3d at 6; see also 8 C.F.R. § 1208.13(b). Doing so requires proving that her fear is both subjectively genuine and objectively reasonable. Sou v. Gonzales, 450 F.3d 1, 7 (1st Cir. 2006). Demonstrating objectively reasonable fear requires showing that "'a reasonable person in [her] circumstances would fear persecution on account of a statutorily protected

ground.'" Romilus, 385 F.3d at 7 (quoting Khalil, 337 F.3d at 56). The alien's "testimony may be sufficient to demonstrate the objective reasonableness of [her] fear, 'but [the testimony] must constitute credible and specific evidence of a reasonable fear of persecution.'" Carcamo-Recinos, 389 F.3d at 257 (quoting Afful v. Ashcroft, 380 F.3d 1, 3 (1st Cir. 2004)).

The burden is also on the alien to show eligibility for withholding of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). Specifically, the alien must "show a clear probability of future persecution" based on one of the five statutorily protected grounds. Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005) (citing Aguilar-Solis v. INS, 168 F.3d 565, 569 n.3 (1st Cir. 1999)); Khan, 549 F.3d at 576. Because the "clear probability" showing for withholding of removal places a "'more stringent burden of proof on an alien than does a counterpart claim for asylum,'" when an alien's "claim for asylum fails, so too does [her] counterpart claim for withholding of removal." Id. (quoting Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005)).

## IV. ANALYSIS

Castillo-Diaz argues that, contrary to the IJ's finding, she is in fact a member of two cognizable "particular social group[s]" under 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 1208.13(b): "rape victims who have born[e] a child as a result of the rape," and "child rape victims who are severely traumatized." The

-7-

petitioner cites no authority suggesting that her proposed defined groups constitute particular social groups. Even assuming arguendo that these proposed groups fit the statutory definition of "particular social group," Castillo-Diaz still has not demonstrated her eligibility for asylum, as the record contains substantial evidence supporting each of the IJ's alternative bases for denying her petition for asylum.

## A. Past Persecution

To prove past persecution, Castillo-Diaz is required to show, inter alia, that the government of El Salvador was involved in her attack "(i) by evidence that government actors committed or instigated the acts complained of; (ii) by evidence that government actors condoned the acts; or (iii) by evidence of an inability on the part of the government to prevent the acts." Harutyunyan v. Gonzales, 421 F.3d 64, 68 (1st Cir. 2005); see also Nikijuluw v. Gonzales, 427 F.3d 115, 121 (1st Cir. 2005) (stating that an alien only qualifies for asylum "when he suffers persecution that is direct result of government action, government-supported action, or government's unwillingness or inability to control private conduct."). Castillo-Diaz makes no argument at all that the government committed, instigated, or condoned the attack; on the contrary, she acknowledges that her attackers were unknown to her and that, because she made no report to the police, the government was unaware of what happened to her. As to the government's

-8-

willingness and ability to protect her from future attacks, Castillo-Diaz's only argument is that the State Department country conditions report "clearly states that the government of El Salvador does not protect women against violence, therefore Ms. Castillo-Diaz is likely to be further persecuted and the government could or would not protect her." She does not, however, make specific reference to evidence contained in the State Department report.

The IJ considered Castillo-Diaz's argument and rejected it. In his decision, he reviewed the State Department's report and noted that the government of El Salvador has the power to prosecute rape cases and attaches a significant penalty to a conviction for rape (up to twenty years incarceration). On that basis, the IJ concluded that, even if Castillo-Diaz's decision not to report the crime was understandable under the circumstances, a report might nonetheless have been fruitful. She therefore had not carried her burden to show that the government of El Salvador would have been unwilling or unable to pursue these lines of redress on her behalf. The IJ was entitled to draw this conclusion from the record. See, e.g., Galicia v. Ashcroft, 396 F.3d 446, 448 (1st Cir. 2005) (affirming an IJ's finding that petitioner "did not show that the harassment he suffered was by the government or a group the government could not control" where, inter alia, the petitioner did not inform authorities of his attack). Accordingly, the IJ's

conclusion that Castillo-Diaz failed to prove past persecution was supported by substantial evidence. Harutyunyan, 421 F.3d at 68; see also, e.g., Manjivar v. Gonzales, 416 F.3d 918, 922 (8th Cir. 2005) (holding that a young woman specifically targeted for attack by a gang because one of the gang members wanted her as a girlfriend was not subject to persecution attributable to the Salvadoran government, in part because no police report had been filed and therefore the government "had no opportunity to respond"); Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir. 1999) (finding no past persecution where evidence established that rape was "an act of random violence").

## B. Well-Founded Fear of Future Persecution

The IJ's conclusion that the threat against Castillo-Diaz was not country wide is also supported in the record, and this finding defeats her claim of a well-founded fear of future persecution. See Harutyunyan, 421 F.3d at 69 ("[A] finding that violence is localized supports a determination that the violence does not constitute persecution."); Silva, 394 F.3d at 7 ("[A]n alien who asserts a fear of future persecution by local functionaries ordinarily must show that those functionaries have more than a localized reach."); 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the

-10-

circumstances it would be reasonable to expect the applicant to do so.").[4] As the IJ noted, the record contains no evidence that Castillo-Diaz faced a threat outside of the town in which she lived. On the contrary, Castillo-Diaz's testimony regarding any future threat was entirely restricted to events in and around her hometown. The IJ's conclusion that any threat was localized was therefore supported by substantial evidence, and he properly relied on that finding to conclude that Castillo-Diaz had failed to establish a well-founded fear of future persecution.

### C. Withholding of Removal

Because Castillo-Diaz's claim for asylum fails, so too does her counterpart claim for withholding of removal. Palma-Mazariegos, 428 F.3d at 37.

## V. CONCLUSION

This case, as the IJ recognized, is a sad one. Nevertheless, the immigration judge's conclusion that Castillo-Diaz did not demonstrate eligibility for asylum or withholding of removal was supported by substantial evidence. The petition for review is therefore **DENIED**.

---

[4]The rationale behind this requirement is that "'[i]f a potentially troublesome state of affairs is sufficiently localized, an alien can avoid persecution by the simple expedient of relocating within his own country instead of fleeing to foreign soil.'" Tendean v. Gonzales, 503 F.3d 8, 11 (1st Cir. 2007) (quoting Silva, 394 F.3d at 7)).