# United States Court of Appeals
## For the First Circuit

Nos. 08-1898, 08-1912

RORNE DIAS GOMES,
ANDERSON DIAS GOMES,

Petitioners,

v.

ERIC H. HOLDER, JR.,
Attorney General of the United States

Respondent.

ON PETITIONS FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Selya, and Hansen,[*]
Circuit Judges.

Stephen A. Lagana and Lagana & Associates for petitioners.
Michael F. Hertz, Acting Assistant Attorney General, Terri J.
Scadron, Assistant Director and Shahrzad Baghai, Trial Attorney,
Office of Immigration Litigation, United States Department of
Justice, Civil Division, on brief for respondent.

May 14, 2009

---

[*]Of the Eighth Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**.  Petitioners and brothers Rorne Dias Gomes and Anderson Dias Gomes are natives and citizens of Brazil who, on the ground that they fear for their safety in their home country, applied for asylum, withholding of removal, and relief under the Convention Against Torture.  An Immigration Judge ("IJ") denied their applications, and the Board of Immigration Appeals ("BIA") denied their appeals with a separate written opinion.

The Gomes brothers now petition for judicial review of the BIA's decision pursuant to 8 U.S.C. § 1252.  They do not, however, challenge the BIA's determinations that their asylum claims were untimely, and therefore those claims are waived. Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005); see also Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 1990). Similarly, the IJ's denial of the petitioners' claims under the Convention Against Torture were neither appealed to the BIA nor included in the petitions for review, and consequently those too are waived.  Nikijuluw, 427 F.3d at 120 n.3; Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004); Sandstrom, 904 F.2d at 87.  The sole matter before us is therefore the BIA's denial of the petitioners' applications for withholding of removal.

The gravamen of each application is the alleged threat of violence from members of a Brazilian gang who suspect that one of the Gomes brothers identified the gang's leader to the police as

the person who murdered the petitioners' nephew. The gang's leader, whom the petitioners believe is ultimately responsible for the threats, was convicted of the murder and incarcerated in Brazil. According to the petitioners, the gang members suspect that one of the brothers is the police informant, and because the gang members do not know with certainty which of the brothers did it, they have threatened harm to both.

To qualify for protection under the Immigration and Nationality Act, a person seeking withholding of removal must show that he cannot return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see Castillo-Diaz v. Holder, 562 F.3d 23, 27 (1st Cir. 2009) (citing Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005)). "A petitioner must also show that the persecution is the direct result of 'government action, government-supported action, or government's unwillingness or inability to control private conduct.'" Ly v. Mukasey, 524 F.3d 126, 132 (1st Cir. 2008) (quoting Kho v. Keisler, 505 F.3d 50, 55 (1st Cir. 2008)). The petitioner bears the burden of proving his claim. Pulisir v. Mukasey, 524 F.3d 302, 308 (1st Cir. 2008).

The IJ and BIA both found that the record evidence failed to demonstrate the requisite connection of the purported persecution to the Brazilian government's action or inaction. The

record evidence supports these findings. The record shows that the Brazilian government incarcerated the gang's leader for a previous act of violence -- the murder of the petitioners' nephew -- thus demonstrating its willingness and ability to combat the gang's violent tendencies. Moreover, the petitioners concede that they have not informed the Brazilian police of the gang's threats, and this fact also severs the threats from any action or inaction of the government of Brazil. See, e.g., Castillo-Diaz, 562 F.3d at 27-28. The lack of government involvement precludes the petitioners' eligibility for withholding of removal.

Although we need go no further to affirm the decisions of the BIA, we note that the petitions contain other weaknesses, among them the fact that the petitioners' older brother, who also lived in Brazil at the relevant time, was not subject to the same threats. This fact undermines the credibility of the alleged threat awaiting the petitioners in Brazil, see, e.g., Nikijuluw, 427 F.3d at 122, and it suggests that the petitioners' asserted "particular social group" -- whether defined as "siblings," "brothers," or "family" -- is not "one central reason" for the threats against them, see 8 U.S.C. § 1158(b)(1)(B)(I); Singh v. Mukasey, 543 F.3d 1, 5 (1st Cir. 2008).

**PETITIONS DENIED**.