**Not for Publication in West's Federal Reported**

# United States Court of Appeals

## For the First Circuit

---

No. 09-1243

HUA LI,

Petitioner,

v.

ERIC HOLDER, JR., Attorney General,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Boudin and Lipez,
Circuit Judges.

---

Theodore N. Cox on brief for petitioner.
Jennifer R. Khouri, Trial Attorney, Tony West, Assistant
Attorney General, and Barry J. Pettinato, Assistant Director, on
brief for respondent.

---

December 11, 2009

---

**Per Curiam**.  This is a petition for review of a removal order.  The petitioner, Hua Li, a Chinese citizen who entered the United States illegally and was subsequently ordered removed, seeks review of the denial of his application for asylum and withholding of removal.  For the reasons discussed below--essentially, that Li failed to meet his burden of proving that he had an objectively reasonable fear of future persecution if removed to China--we deny the petition.

Given the uncontested finding that Li did not suffer past persecution, he cannot benefit from the presumption that he would suffer future persecution on a protected ground.  8 C.F.R. § 208.13(b)(1); see also Jorgji v. Mukasey, 514 F.3d 53, 57 (1st Cir. 2008).  Rather, it was his burden to show that he had an objectively reasonable fear of future persecution.  8 C.F.R. § 1208.13(b)(1); see also Sugiarto v. Holder, 2009 WL 3738792, at *3 (1st Cir. Nov. 10, 2009).  To show that a fear is objectively reasonable, the applicant must show "a reasonable possibility of suffering such persecution" upon return to his country.  8 C.F.R. § 1208.13(b)(2)(i)(b); see also Castillo-Diaz v. Holder, 562 F.3d 23, 26 (1st Cir. 2009).

Our review of the Board of Immigration Appeals' determination that Li did not satisfy that burden is deferential.  Jorgji, 514 F.3d at 57.  That determination must be upheld "unless the record 'points unerringly in the opposite direction.'"  Lopez

-2-

de Hincapie v. Gonzales, 494 F.3d 213, 218 (1st Cir. 2007) (quoting Laurent v. Ashcroft, 359 F.3d 59, 69 (1st Cir. 2004)).  Under that standard, this petition fails.

As the BIA acknowledged, Li could have established his eligibility for asylum if he had demonstrated a well-founded fear of persecution on account of an imputed affiliation with Falun Gong.[1]  See Lin v. Holder, 561 F.3d 68, 73 n.2 (1st Cir. 2009).  However, the BIA was "not persuaded by the unsupported assertion that the later denouncement [of Li] by the village cadre[2] 'could very well' have led the police to believe that [Li] was more involved in Falun Gong than they had previously thought."

The BIA's skepticism in that regard is amply supported by the record.  The letter threatening "serious consequences" came not from the police, the feared persecutors, but from the village cadre whom, Li admits, was motivated not by Li's alleged Falun Gong activities but by his refusal to marry the cadre's sister.  And those unspecified consequences were threatened to flow from Li's

---

[1]According to a 2006 State Department report submitted as an exhibit in this case, "Falun Gong blends aspects of Taoism, Buddhism, and the meditation techniques and physical exercises of qigong (a traditional Chinese exercise discipline) with the teachings of Falun Gong leader Li Hongzhi."

[2]Li defined the "village cadre" as the "head of the village." From the context here and in previous cases, see, e.g., Zheng v. Gonzales, 416 F.3d 97, 99 (1st Cir. 2005), it appears that the cadres (Li used the term "cadre" as a singular rather than a collective noun) are local officials who enforce the law in conjunction with the local police.

failure to report to the police station on the appointed date, not from his distribution of Falun Gong leaflets. The police were already aware of Li's August 2005 leafleting activities and had addressed them only by requiring him to file a written statement and report to the police station for reeducation once a week for 10 or 11 weeks. Although, under Chinese law, Falun Gong leafleters may be imprisoned for up to seven years, there is no evidence that a person in Li's circumstances, who was not a Falun Gong adherent and merely leafleted for money on two occasions, would be treated that harshly.

Because the record does not compel the conclusion that Li would be persecuted if he returned to China, we uphold the denial of his application for asylum and withholding of removal. And, because he did not seek relief under the Convention Against Torture before the immigration judge or the BIA, we have no jurisdiction to review the denial of such relief. Accordingly, the petition for review is denied. See 1st Cir. R. 27.0(c).