Lubaki Zala v. Wilkinson

BIA
Hochul, IJ
A206 864 847

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
            JOSÉ A. CABRANES,
            ROBERT D. SACK,
            WILLIAM J. NARDINI,
                 *Circuit Judges.*

_____

YVES LUBAKI ZALA,
        *Petitioner,*

        v.                                          19-1282
                                                    NAC
MONTY WILKINSON, ACTING UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____


FOR PETITIONER:            Stephen K. Tills, Esq., Orchard
                           Park, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne , Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yves Lubaki Zala, a native and citizen of the Democratic Republic of Congo, seeks review of an April 8, 2019, decision of the BIA affirming an August 15, 2017, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yves Lubaki Zala,* No. A 206 864 847 (B.I.A. Apr. 8, 2019), *aff'g* No. A 206 864 847 (Immig. Ct. Buffalo Aug. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Gonzales*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for

2

substantial evidence and questions of law and application of law to fact de novo).

The IJ had jurisdiction over Zala's removal proceedings. *See Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019). Zala, argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his Notice to Appear ("NTA") lacked a hearing date and time, it was insufficient to vest the immigration court with jurisdiction over his removal proceedings. *Pereira* addresses a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez*, 922 F.3d at 110. Although Zala's NTA did not specify the time and date of his initial hearing, he received hearing notices specifying that information and he attended his hearings.

Zala also argues that the BIA failed to adequately explain its reasoning when it affirmed the IJ's adverse credibility determination. We generally "require a certain minimum level of analysis from the IJ and BIA opinions denying asylum." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). But where, as here, the BIA affirmed the adverse credibility determination because Zala had not meaningfully

3

challenged it, our review is limited to that determination. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (limiting review to BIA's conclusion that argument was waived); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that our review is limited to the reasons given by the BIA and issues not raised before the BIA are unexhausted and generally not reviewable). The BIA did not err in finding no meaningful challenge. On appeal to the BIA, Zala included only a few cursory sentences and failed to challenge any of the findings underlying the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding claim abandoned where raised in "single conclusory sentence"). Because Zala does not otherwise challenge the merits of the agency's denial of asylum, withholding of removal, and CAT relief, we do not further review the agency's conclusion that he failed to meet his burden of proof. *Id.*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

4