*Hidayat v. Garland*
BIA
Donnolo, IJ
A200 752 635

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-two.

Present:
    Debra Ann Livingston,
        *Chief Judge*,
    Susan L. Carney,
    Richard J. Sullivan,
        *Circuit Judges*.

_____

BUDI HIDAYAT,
    *Petitioner*,

    v.                                    19-1583
                                          NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:            H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior

Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Budi Hidayat, a native and citizen of Indonesia, seeks review of a May 1, 2019 decision of the BIA dismissing his appeal of a December 15, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Budi Hidayat*, No. A200 752 635 (B.I.A. May 1, 2019), *appeal dismissed*, No. A200 752 635 (Immigr. Ct. N.Y.C. Dec. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue before us is whether

2

Hidayat established a well-founded fear of future persecution on account of his Chinese ethnicity and status as a Buddhist monk, as Hidayat challenges only the BIA's consideration of the evidence he provided to demonstrate increasing anti-Chinese and anti-Buddhist sentiment in Indonesia. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming abandoned claims not raised or given conclusory attention in petitioner's brief).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see* 8 C.F.R. § 1208.13(b)(2). To demonstrate an objectively reasonable fear, an applicant must show either that he would be "singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

The agency did not err in finding that Hidayat failed to establish a well-founded fear of persecution. The evidence

3

discusses violence and discrimination against ethnically Chinese Indonesians from the 1960s through the 1990s, but the evidence of current conditions largely cites fears of rising anti-Chinese tensions, not widespread violence. Further, the evidence describes instances of Buddhist temples and monasteries being bombed or burned without serious injuries reported, but the reports do not indicate that Buddhist monks have been targeted in such incidents. Accordingly, due to the insufficient evidence of harm directed at ethnic Chinese Indonesians or Buddhist monks, the agency did not err in finding that Hidayat failed to demonstrate a well-founded fear of persecution. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that the absence of "solid support in the record" for the assertion of a well-founded fear of persecution renders the fear "speculative at best"); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (finding no error in the agency's determination that there was no pattern or practice of persecution of ethnic Chinese or Catholic Indonesians). That finding was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Lecaj v.*

4

*Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

As to Hidayat's argument that the BIA did not sufficiently examine the evidence, we have reviewed the IJ's and the BIA's decisions together because the BIA's opinion "closely tracks the IJ's reasoning." *Wangchuck*, 448 F.3d at 528 (considering both the IJ's and the BIA's opinions where "the BIA did not expressly 'adopt' the IJ's decision, but its brief opinion closely tracks the IJ's reasoning"). Based on this review, we discern no basis for concluding that the agency failed to examine the evidence. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam) ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . .").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5