Patel v. Garland

BIA
Segal, IJ
A200 905 726

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of June, two thousand twenty-two.

PRESENT:
RICHARD J. SULLIVAN,
EUNICE C. LEE,
MYRNA PÉREZ,
*Circuit Judges.*

_____

HITESH KUMAR PATEL,
*Petitioner*,

v.                                                    20-823
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:          Deepti Vithal, Richmond
                         Hill, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Anthony C. Payne, Assistant
                         Director; Abigail E. Leach, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hitesh Kumar Patel, a native and citizen of India, seeks review of a February 14, 2020 decision of the BIA affirming a March 28, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hitesh Kumar Patel*, No. A200 905 726 (B.I.A. Feb. 14, 2020), *aff'g* No. A200 905 726 (Immigr. Ct. N.Y.C. Mar. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's factual findings are reviewed for substantial evidence, *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009), and will be deemed "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[,]" 8 U.S.C. § 1252(b)(4)(B). Based on the

2

record before it, the agency reasonably concluded that Patel, who was presumed to have a well-founded fear of persecution by members of the Bharatiya Janata Party ("BJP") on account of his work for the Congress Party, could safely relocate within India to avoid future harm.

An applicant who has suffered persecution is presumed to have a well-founded fear and face a likelihood of future persecution.  8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).  The Government may rebut this presumption if it establishes "by a preponderance of the evidence" that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so."   8 C.F.R.  §§ 1208.13(b)(1)(i)(B),  (ii), 1208.16(b)(1)(i)(B); *see Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006).

The IJ reasonably concluded that Patel's persecutors, who were local BJP members, were not government officials. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party — even one that is in power nationally or . . . is aligned with a party in power nationally — does

3

not establish that the applicant was persecuted by the government."). However, it erred in concluding that this meant that the presumption of future persecution was not countrywide, because the regulations at the time provided that internal relocation was presumptively unreasonable for applicants who had established past persecution. *See* 8 C.F.R. §§ 1208.13(b)(3)(ii), 1208.16(b)(3)(ii) (in effect until Nov. 19, 2020). Nevertheless, remand would be futile given that the agency ultimately treated the presumption as countrywide and applied the correct standard to consider whether the Government rebutted the presumption of a well-founded fear of persecution by establishing by a preponderance of evidence that internal relocation would be safe and reasonable. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is futile "when the IJ articulates an alternative and sufficient basis for her determination" (quotation marks omitted)).

In concluding that Patel could safely and reasonably relocate within India to avoid future persecution, the agency reasonably relied on evidence that Indian citizens may freely move and live throughout most of the country, that Patel's political party is in power in parts of the country, that

4

another political party with whom Patel had not had trouble was in power in the capital, and that Patel is young, healthy, and able to work. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(b), (ii); *see also Surinder Singh*, 435 F.3d at 219 ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). Accordingly, the agency did not err in concluding that the Government rebutted the presumption that Patel has a well-founded fear of persecution and thus that he was not eligible for asylum or withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(B), (ii); *Surinder Singh*, 435 F.3d at 218–19.

The relocation finding also was dispositive of CAT relief. *See* 8 C.F.R. § 1208.16(c)(3) (listing ability to relocate as one consideration "[i]n assessing whether it is more likely than not that an applicant would be tortured"); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that where record does not demonstrate chance of persecution required for asylum, it "necessarily fails to demonstrate" the greater likelihood of harm for withholding of removal and CAT relief). Nor did the agency err in concluding that Patel also failed to establish his eligibility for humanitarian

5

asylum because he did not allege "long-lasting effects" as a result of his past persecution. *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007); *see also* 8 C.F.R. § 1208.13(b)(1)(iii)(A).

Finally, there is no merit to Patel's contention that the IJ exhibited bias simply by questioning him on the issue of internal relocation. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 111 (2d Cir. 2006) ("An IJ has an affirmative obligation to help develop the record in immigration proceedings."); *cf. Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) (explaining that Court remands "when an IJ's conduct results in the appearance of bias or hostility such that [the Court] cannot conduct a meaningful review of the decision below").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6