# United States Court of Appeals
## For the First Circuit

No. 05-1751

LAN ZHU PAN,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Lynch, and Howard, <u>Circuit Judges</u>.

<u>Wei Jia</u> and <u>Law Office of Wei Jia</u> on brief for petitioner.
<u>Hillel R. Smith</u>, Attorney, Office of Immigration Litigation,
Civil Division, <u>Peter D. Keisler</u>, Assistant Attorney General, and
<u>Terri J. Scadron</u>, Assistant Director, on brief for respondent.

April 17, 2006

**HOWARD**, <u>**Circuit Judge**</u>.  Lan Zhu Pan, a citizen of China, petitions for review of a final order of the Board of Immigration Appeals denying her claims for asylum and withholding of removal. We deny the petition.

Petitioner grew up in a small village in southeastern China.  In 1998, her father partnered with Su Fei Pan, a local Communist Party boss, to start a new business.  After an employee embezzled the business's proceeds, the venture failed and petitioner's father was left unable to pay off his outstanding loans.  Su Fei Pan, however, brokered a deal to clear the father's debts.  A wealthy Taiwanese man would pay off the debts if petitioner's father would permit the man to marry his daughter, petitioner's older sister.  Petitioner's father agreed, but the sister, who was 19 years younger than the Taiwanese man, refused and ran away from home.

A month later, in September 1999, Su Fei Pan attempted to broker the same deal but with petitioner taking the place of her older sister.  Su Fei Pan told petitioner that her older sister was waiting for her in a hotel in the city of Fuzhou (a two hour drive from her village).  When petitioner entered the hotel room, she was grabbed by an older man, presumably the Taiwanese man, who then tried to force her down onto the bed.  Petitioner resisted and was able to escape.  She fled from the hotel and went into hiding. From September 1999 until February 2002, petitioner lived in

Fuzhou, working in the textile and shoe factories. She did not return home during this time, nor did she see the Taiwanese man or Su Fei Pan again. A friend in the city subsequently helped petitioner procure a bogus visa. On February 22, 2002, petitioner left China and arrived at Los Angeles International Airport later that day.

After presenting her fraudulent visa, petitioner was taken into custody and placed in removal proceedings. See 8 U.S.C. § 1182(a)(6)(C)(i) (barring entry of an alien who seeks admission by fraud); id. § 1182(a)(7)(A)(i)(I) (barring entry of any alien not in possession of a valid visa or other entry documents). Petitioner conceded removability and applied for asylum and withholding of removal. See id. §§ 1158, 1231(b)(3). Following a hearing, an immigration judge denied petitioner's claims and ordered her removal to China. The Board of Immigration Appeals dismissed her appeal, and this petition for review followed.

We review the Board's denial of asylum and withholding of removal under the deferential substantial evidence standard, under which the decision will stand unless "the record evidence would compel a reasonable factfinder to make a contrary determination." Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004) (quoting Guzman v. INS, 327 F.3d 11, 15 (1st Cir. 2003)). Legal conclusions are evaluated de novo, "with appropriate deference to the agency's interpretation of the underlying statute in accordance with

administrative law principles." Gailius v. INS, 147 F.3d 34, 43 (1st Cir. 1998).

An asylum applicant bears the burden of establishing her eligibility for relief. Romilus, 385 F.3d at 6; 8 U.S.C. § 1158(b)(1). That burden requires proof of a well-founded fear of persecution on account of a statutorily protected ground, including, among others, membership in a particular social group. Romilus, 385 F.3d at 6. A showing of past persecution creates a presumption of a well-founded fear of persecution. See Khalil v. Ashcroft, 337 F.3d 50, 55 (1st Cir. 2003).

Although the immigration judge did not credit petitioner's alleged motive for coming to the United States -- to escape persecution -- he accepted her narrative of factual events as "essentially credible." Nevertheless, the judge denied her asylum and withholding claims because she had failed to establish that she belonged to a particular social group. On appeal, the Board agreed that "young women from rural China" is too broad to be considered a "particular social group" within the purview of the immigration laws. See Ravindran v. INS, 976 F.2d 754, 761 & n.5 (1st Cir. 1992). Even assuming the more narrowly defined category of "unmarried young wom[en] from rural China . . . who have resisted being forced into marriages and sexual relationships by a person in power" could be a valid social group, the Board held that petitioner had failed on the evidence to establish that such women

-4-

are targets of persecution in China. The Board therefore concluded that petitioner had failed to establish a well-founded fear of persecution in China on account of her membership in a particular social group.

In her brief to this court, petitioner abandons her contention that her social group, for asylum purposes, consists broadly of "young women from rural China." Instead, she urges this court to hold, as a matter of law, that "young unmarried women from rural China who have resisted forced marriages and forced sexual relationships by a person in power constitute an appropriate particular social group." Because we uphold the Board's analysis, we need not decide this question.

Even assuming arguendo that petitioner's proffered social group is valid for asylum purposes, she has failed to establish that she has a well-founded fear of persecution on account of her membership in that group. Petitioner's only evidence of persecution is that her father and his business associate attempted to sell her and her sister into an arranged marriage (or some other kind of involuntary sexual relationship), and that both she and her sister successfully resisted and escaped. But there is no evidence of persecution following petitioner's escape from the hotel. Petitioner never again saw Su Fei Pan or the Taiwanese man. Indeed, although Petitioner remained in China for two and a half years following the hotel incident, she was never punished or

persecuted because of her resistance. See Velasquez v. Ashcroft, 342 F.3d 55, 59 (1st Cir. 2003) (no well-founded fear of persecution where petitioners remained in the country for eight years after the alleged persecution), abrogated on other grounds by Bocova v. Gonzales, 412 F.3d 257, 266 (1st Cir. 2005); Novoa-Umania v. INS, 896 F.2d 1, 3-4 (1st Cir. 1990) (no ongoing threat of persecution where petitioner stayed in the country for six months without incident). She likewise has presented no evidence that anyone in China now intends to punish her for her resistance.

Nor has petitioner presented evidence establishing that other young unmarried women from rural China who have similarly resisted forced sexual relationships have been persecuted on that basis. Petitioner relies on a State Department Country Report acknowledging that China has problems generally with domestic violence, arranged marriages, sex trafficking, and prostitution. The country report does not, however, indicate that women who have resisted forced sexual relationships are singled out for persecution. Nor does the country report indicate that such women cannot find safety, as petitioner did, by relocating within China, or that the government of China condones forced sexual relationships. See Galicia v. Ashcroft, 396 F.3d 446, 448 (1st Cir. 2005) (no well-founded fear where petitioner's claims of country-wide and government-sponsored or -condoned discrimination were not supported in the country report).

For these reasons, the evidence is insufficient to compel a finding that petitioner's fear of persecution on account of her resistance is objectively reasonable. <u>Romilus</u>, 385 F.3d at 7 (a well-founded fear of persecution requires that the applicant's fear be both subjectively genuine <u>and</u> objectively reasonable). Because petitioner failed to satisfy the more lenient asylum standard, she <u>a fortiori</u> cannot satisfy the more demanding standard for withholding of removal. <u>See</u> <u>id.</u> at 8.

**<u>The petition for review is denied.</u>**