Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 06-2225

RESENDE AFONSO DA CUNHA,

Petitioner,

v.

MICHAEL B. MUKASEY,[*]
United States Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Howard, <u>Circuit Judges</u>,
and Saylor,[**] <u>District Judge</u>.

<u>Jose L. DelCastillo</u> and <u>DelCastillo & Associates, LLC</u>, on brief for petitioner.
<u>Peter Keisler</u>, Assistant Attorney General, Civil Division, <u>Anthony W. Norwood</u>, Senior Litigation Counsel, and <u>Robbin K. Blaya</u>, Attorney, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

December 24, 2008

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales.

[**]Of the District of Massachusetts, sitting by designation.

**Per Curiam**.  Petitioner Resende Afonso Da Cunha appeals an order of the Board of Immigration Appeals (BIA) affirming an order of removal against him and denying his motion to reopen.  We affirm.

## I.

Da Cunha, a citizen of Brazil, entered the United States on a visitor visa in February, 2000 with permission to stay for six months.  He overstayed that visa.  Da Cunha was employed with the Bestfoods Baking Company (Bestfoods) in Vermont, and through Bestfoods began the process of applying for an adjustment of status to become a lawful permanent resident.

There is a three-step process for an alien seeking to adjust his or her status based on employment.  The first step requires the alien's employer to file a labor certification application.  See 8 U.S.C. § 1255(i)(1)(B)(ii).  After acquiring a valid labor certification, the employer must then as a second step file an I-140 form (Immigrant Petition for Alien Worker) on the alien's behalf.  See 8 U.S.C. § 1154.  Finally, the alien must file an I-485 form (Application for Adjustment of Status).  See id.

Here, Da Cunha commenced the process with Bestfoods but did not finish it.  On April 27, 2001, Bestfoods filed a Form ETA-750 on his behalf.  The Vermont Department of Labor[1] assigned a

_____

[1]  In July 2005, the Vermont Department of Labor was formed by merging the former Departments of Labor and Industry and Employment

"priority date" of April 30, 2001 to the application. On June 20, 2001, the Immigration and Naturalization Service (INS)[2] served Da Cunha with a Notice to Appear, charging that he was subject to removal for overstaying his visa. He was detained by the INS and, as a consequence, was terminated from his employment with Bestfoods. Bestfoods did not elect to further pursue the labor certification process on Da Cunha's behalf.

In 2002, Da Cunha was employed by Silva's Donuts. That employer filed a new labor certification application and an I-140 on his behalf. In April, 2004, the DOL approved the application, which had a priority date of September 25, 2002, and the I-140. That priority date made him ineligible for an adjustment of status under section 245(i) of the Immigration and Naturalization Act, so the government moved to pretermit his I-485 application for adjustment of status. See 8 U.S.C. § 1255(i)(B)(ii).

An alien applying for an adjustment of status as the beneficiary of a labor certification petition must show that the petition (1) was properly filed pursuant to the regulations of the Secretary of Labor on or before April 30, 2001, and (2) was

and Training. For ease of understanding, we will refer to the Vermont Department of Labor when referring to either of the former agencies.

[2] In March 2003, the functions of the INS were reorganized and transferred to the Department of Homeland Security (DHS). Dacosta v. Gonzales, 449 F.3d 45, 47 n. 1 (1st Cir. 2006). To avoid confusion, we will use "INS" whether referring to the former INS or the present DHS.

"approvable when filed." 8 C.F.R. § 245.10(a)(1)(i)(B). An applicant meeting these criteria is "grandfathered." Id. A grandfathered alien may apply for an adjustment of status through a new employer using the earlier application's priority date. See 8 C.F.R. § 245.10(a)(3)(2007). Da Cunha argued before an Immigration Judge ("IJ") that he was grandfathered by his first labor certification application, and that his second application should not be pretermitted.

The government argued that Da Cunha's first labor certification did not give him grandfathered status because that labor certification was not "approvable when filed" as required by 8 C.F.R. § 245.10(a)(1)(i)(B). In support of this contention, the government produced a July, 2001 letter from the Vermont Department of Labor to Da Cunha, indicating that Bestfoods was an "inactive" employer. The government also noted that Da Cunha's pay stubs listed his employer as Charles Freihofer Baking, rather than Bestfoods, and that the labor certification was signed by a Bestfoods supervisor, not by a more senior company official.

Da Cunha did not introduce evidence before the IJ to refute the government's contention.

In March, 2005, the IJ concluded that Da Cunha's first labor certification was not approvable when filed because it referenced an employer who was "inactive" at the time of filing. Noting that Da Cunha did not refute his employer's inactive status,

the IJ pretermitted his I-485 adjustment of status application and denied Da Cunha voluntary departure as a matter of discretion.

Da Cunha appealed the decision to the BIA and also filed a motion to reopen, requesting that the BIA remand his case to the IJ so the IJ could consider new evidence about whether he should be "grandfathered" under section 245(i). The BIA adopted and affirmed the decision of the IJ. The BIA also denied Da Cunha's motion to reopen, finding that the documents he sought to admit were not new or previously unavailable. This petition followed.

## II.

Da Cunha argues that his first labor certification was "approvable when filed" and that the BIA's denial of his motion to reopen was an abuse of discretion.[3]

As to his first argument, we review the IJ's decision under the substantial evidence standard. Chreng v. Gonzales, 471 F.3d 14, 21 (1st Cir. 2006). Under this standard, the decision will stand unless the record evidence would compel a reasonable factfinder to find otherwise. Pan v. Gonzales, 445 F.3d 60, 61 (1st Cir. 2006). Where the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. Tota v. Gonzales, 457 F.3d 161, 165 (1st Cir. 2006); 8 C.F.R. § 1003.1(e)(4)(2007).

---

[3] Defendant's other arguments on appeal were never raised before the BIA and thus are not properly before us. Molina De Massenet v. Gonzales, 485 F.3d 661, 664 (1st Cir. 2007) (declining to review issues not raised before the BIA).

This case hinges on the meaning of "approvable when filed." If Da Cunha's first labor certification was approvable when filed, its priority date of April 30, 2001 would have grandfathered Da Cunha such that he could subsequently be eligible to undertake the three-step labor certification process with another employer. If it was not approvable when filed, then he is not grandfathered and not eligible for an adjustment of status through his employment with Silva's Donuts because his 2002 priority date is too late under the regulations. 8 C.F.R. § 245.10(a)(1)(i)(B).

"Approvable when filed" means that, at the time of filing, the qualifying application for labor certification was "properly filed, meritorious in fact, and non-frivolous." Echevarria v. Keisler, 505 F.3d 16, 18 (1st Cir. 2007); 8 C.F.R. § 245.10(a)(3). The burden is on the petitioner to show that his application was approvable when filed. 8 U.S.C. § 1229a(c)(2).

We focus on the second prong, whether the application was meritorious in fact. We said in Echevarria that there need not be a finding of fraud to support a conclusion that an application is not meritorious in fact. 505 F.3d at 19 n. 3. There, a finding of "identified gaps" in a petitioner's application, where the petitioner had been an opportunity to explain the gaps but failed to do so, was sufficient to show that the application was not meritorious in fact. Id.

-6-

Here, like in Echevarria, the IJ identified a specific discrepancy in the labor certification application: Bestfoods' "inactive" status. The Vermont Department of Labor indicated that Bestfoods was an "inactive" employer, in that it was not paying unemployment taxes for its workers, at the time that Da Cunha's first labor certification was filed. The burden was on Da Cunha to prove that his first labor certification was properly filed, yet he offered no evidence before the IJ or the BIA to refute the inactive status of his employer. In fact, Da Cunha was explicitly invited to send contrary evidence or an explanation as to why Bestfoods was inactive to the Vermont Department of Labor, but did not do so.

Because Da Cunha failed to offer an explanation for the discrepancy that satisfied the IJ, the IJ concluded that Da Cunha's first labor certification was not "approvable when filed" because it was not meritorious in fact. This conclusion is supported by substantial evidence.

We note that Da Cunha finds no refuge in the provision in 8 C.F.R. § 1245.10(a)(3) that preserves an alien's grandfathered status if a "petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing [and] . . . the alien is otherwise eligible." Because we conclude that his first labor certification was not

approvable when filed, it does not matter if it was later revoked due to circumstances that arose after April 30, 2001.

## III.

We review the BIA's denial of a motion to reopen or reconsider only for abuse of discretion. <u>Abdullah</u> v. <u>Gonzales</u>, 461 F.3d 92, 99 (1st Cir. 2006). This standard is highly deferential; focusing on the rationality of the decision to deny reconsideration or reopening, not on the merits of the underlying claim. <u>Id.</u> "An abuse of discretion will be found where the BIA misinterprets the law, or acts either arbitrarily or capriciously." <u>Wang</u> v. <u>Ashcroft</u>, 367 F.3d 25, 27 (1st Cir. 2004). Motions to reopen are permitted only where they present new evidence that is material and was previously unavailable. <u>Orehhova</u> v. <u>Gonzales</u>, 417 F.3d 48, 52 (1st Cir. 2005); 8 C.F.R. § 1003.2(c)(1)(2007).

Here, the documents submitted to the BIA with Da Cunha's motion to reopen were not new, material and previously unavailable. In particular, the company report and the news story pertaining to when Bestfoods was purchased by another company were previously available. Thus, there was no abuse of discretion in denying Da Cunha's motion to reopen.

## IV.

Da Cunha's petition for review is **denied**.

**So Ordered**.