Franklin McCREATH, Petitioner,

v.

Eric H. HOLDER, Jr.,* Respondent.

No. 08–2276.

United States Court of Appeals,
First Circuit.

July 21, 2009.

---

* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent.

Susanna L. Shafer, Law Office of Susanna L. Shafer, Daniel F. Cashman, and Cashman & Lovely, P.C., on brief for petitioner.

Edward C. Durant, Attorney, Office of Immigration Litigation, Michael F. Hertz, Acting Assistant Attorney General, Civil Division, and Blair T. O'Connor, Assistant Director, Office of Immigration Litigation, on brief for respondent.

Before LYNCH, Chief Judge, SELYA and BOUDIN, Circuit Judges.

LYNCH, Chief Judge.

Petitioner Franklin H. McCreath seeks to avoid removal by arguing the Board of Immigration Appeals ("BIA") erred in denying him adjustment of status. *See* 8 U.S.C. § 1255. He argues, inter alia, that the BIA was required to remand an issue to the Immigration Judge ("IJ") of whether he qualified for adjustment of status under an equitable exception described in *In re Magana,* 17 I. & N. Dec. 111 (B.I.A. 1979), rather than resolve the issue itself. We deny the petition for review.

McCreath, a native and citizen of Jamaica, sought adjustment of status on the basis of two form I–130 petitions filed on his behalf: the first was filed on September 26, 1997, the second, submitted on April 4, 2001, was initially rejected by the United States Citizenship and Immigration Service ("USCIS") for failure to pay the appropriate filing fee and was re-filed on May 21, 2001. Each petition for adjustment of status was based on McCreath's having married an American citizen.

The BIA affirmed the finding of an IJ that neither I–130 petition was "approvable when filed" as required by federal regulation. 8 C.F.R. § 1245.10(a)(3). The IJ found that the first I–130 was based on a marriage that was later annulled in Massachusetts state court and so, as a legal matter, never existed and that the second had not been properly filed before the statutory deadline of April 30, 2001 because it was not accompanied by the required fee. *See* 8 U.S.C. § 1255(i)(1) (setting April 30, 2001 deadline for petitions filed on behalf of aliens who entered the country illegally); *see also Lasprilla v. Ashcroft*, 365 F.3d 98, 99–100 (1st Cir. 2004).

## I.

McCreath entered the United States without inspection in September 1996. On September 19, 1997, he married Francisca Evans, a U.S. citizen, in Cambridge, Massachusetts. Evans filed the first I–130 one week later, on September 26. Less than 90 days later, on December 12, Evans filed a Complaint for Annulment in state court. The complaint alleged that McCreath had entered into the marriage in order to obtain a green card. McCreath denied this allegation in his answer. On March 13, 1998, Evans withdrew the I–130 petition. This marriage was annulled on June 25, 1998.

McCreath married an American citizen on March 23, 2001. His new wife, Mary Blevins, filed the second I–130 petition on April 4, 2001. The USCIS rejected the petition on May 21, 2001, sending McCreath a notice explaining that "the proper fee of $110.00 U.S. [was] not attached." [1]

The government had issued McCreath a Notice to Appear on October 24, 2000, alleging that he was subject to removal because he was an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). On April 3, 2001, roughly ten days after his second wedding, McCreath conceded removability and sought relief from removal through adjustment of status. McCreath submitted documentary evidence related to his two I–130 petitions, including the December 12, 1997 Complaint for Annulment, his answer, and several affidavits describing the circumstances surrounding his first marriage. The affidavits were made to support his assertion that his first marriage was entered in good faith.

On February 20, 2007, the IJ denied McCreath's request for adjustment of status but granted voluntary departure. The IJ found that, due to the annulment of the marriage underlying the first I–130 petition and the untimely filing of the second, neither had been validly filed. She told McCreath's counsel that she found the effective date of the second petition was May

---

1. Blevins re-filed the second petition after it was rejected. The USCIS approved the petition on August 23, 2002. On January 15, 2004, the agency notified Blevins that it intended to revoke the approval based on a presumption that McCreath's first marriage was entered into solely for immigration purposes. Blevins challenged the revocation, appealed to the BIA, and secured re-approval on August 1, 2005.

21, and said, "[i]f I'm wrong the BIA will tell us otherwise."

The BIA found no error and affirmed. It held that the annulment of the first marriage rendered that marriage void ab initio, and so it was insufficient to support a petition for adjustment of status. The BIA concluded that even though *In re Magana* may allow an annulled marriage to be recognized if the interests of justice require it, the circumstances of McCreath's case did not call for the exercise of such discretion. The BIA also affirmed the IJ's finding that the second I–130 was not "properly filed" because it had not been "accepted for filing" by the US-CIS due to the lack of a valid fee payment. *See* 8 C.F.R. § 1245.10(a)(2)(i). The BIA reviewed the record and concluded that, from the face of the money order, it seemed that the USCIS's reason for rejecting the filing was that neither McCreath nor Bivens had signed the money order that they had submitted to pay the fee.

The IJ had simply found that McCreath's first marriage was void because annulled and so was not approvable when filed; the IJ did not go further to address the equitable exception. The BIA found no error in the conclusion that the first marriage was void and that he did not fall within an exception for limited situations where not recognizing a marriage would cause gross miscarriage of justice. *In re Magana,* 17 I. & N. Dec. at 113.

The IJ, as said, did not consider the applicability of this exception.

## II.

We review questions of law de novo, giving substantial deference to the BIA's interpretation of the underlying statutes and regulations in accordance with administrative law principles. *Scatambuli v. Holder,* 558 F.3d 53, 58 (1st Cir.2009). We review the issue of whether the I–130 petitions were "approvable when filed" under the deferential substantial evidence standard, *see Da Cunha v. Mukasey,* 304 Fed.Appx. 892, 894 (1st Cir.2008) (per curiam), and will reverse the BIA's findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Scatambuli,* 558 F.3d at 58 (quoting 8 U.S.C. § 1252(b)(4)(B)).

McCreath frames his challenge to the BIA's decision as involving due process violations or noncompliance with law.[2] However, a due process claim requires that there be a "cognizable liberty or property interest at stake." *Jupiter v. Ashcroft,* 396 F.3d 487, 492 (1st Cir.2005) (citing *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Adjustment of status is not a cognizable liberty or property interest for purposes of due process because it is a discretionary form of relief. *DaCosta,* 449 F.3d at 50; *see also Kandamar v. Gonzales,* 464 F.3d 65, 69 (1st Cir.2006) (applying *DaCosta* to a claim that a petitioner received an inadequate hearing).

---

**2.** Whether this court has jurisdiction over McCreath's claims about remand is questionable. Judicial review of a final order of removal is available only where the petitioner has exhausted administrative remedies. 8 U.S.C. § 1252(d)(1); *see also Mejia–Rodriguez v. Holder,* 558 F.3d 46, 49–50 (1st Cir.2009); *DaCosta v. Gonzales,* 449 F.3d 45, 50 (1st Cir.2006) (noting a narrow exception for certain types of due process claims). Where, as

here, the petitioner has failed to present an argument to the BIA, he has not exhausted. McCreath did not argue to the BIA that the IJ's refusal to allow his case to proceed to a hearing was improper and did not raise any due process concerns.

However, the government has not raised a jurisdictional objection and so we do not decide it.

■ McCreath argues he was entitled to have the BIA remand to the IJ to consider in the first instance whether he fits within *In re Magana.* But he cites to no statute or rule which would require the BIA to remand rather than decide the issue itself. In fact, the BIA had the power to decide the issue itself. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The [BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." (emphasis added)).

■ Nor is any question presented as to the sufficiency of the evidence before the BIA to decide that an adequate justification for the *In re Magana* exception did not exist. McCreath was not precluded from putting in evidence before the IJ on this matter, and did put in evidence. In fact, rather than arguing that he had received an insufficient opportunity to introduce evidence on the issue, McCreath's brief to the BIA argued that he was entitled to such an exception on the basis of evidence already in the record. There was adequate evidence before the BIA to determine whether the circumstances of McCreath's case called for the application of the *In re Magana* exception.

Petitioner's argument comes down to an assertion that he was entitled to have the IJ reach a conclusion about the *In re Magana* exception, and if the IJ stopped short of reaching the issue, the BIA had to remand. That is simply not the law. There is no basis to set aside the BIA's conclusion as to the petition based on the first marriage.

■ McCreath makes no attempt to show that the BIA erred in holding that the second I–130 petition was not approvable when filed, arguing only that the BIA engaged in inappropriate factfinding when it reviewed the record to determine why the USCIS rejected the petition. This argument is waived. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

■ Even if the argument were not waived, the BIA's ruling as to the second I–130 petition was supported by substantial evidence. The record supports the conclusion that the petition was not "accepted for filing" by the USCIS before April 30, 2001. *See* 8 C.F.R. § 1245.10(a)(2)(i). Consequently, the second petition could not serve as the basis for adjustment of status.

The petition for review is *denied.*