# United States Court of Appeals
## For the First Circuit

No. 09-2583

CHUN XIN CHI,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lipez, Howard, and Thompson,
<u>Circuit Judges</u>.

Shen-Shin Lu and Law Offices of Shen-Shin Lu, on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, John S. Hogan, Senior Litigation Counsel, and Aimee J. Frederickson, Attorney, Office of Immigration Litigation, on brief for respondent.

May 26, 2010

**THOMPSON**, <u>Circuit Judge</u>.  Chun Xin Chi, a Chinese native and citizen, entered this country illegally in 1989.  Placed in removal proceedings by the government in 1995, Chi has been trying to find a way to stay here legally ever since.[1]  Having failed so far, Chi now asks us to review a decision of the Board of Immigration Appeals (BIA) denying a motion to reopen to allow him to seek an adjustment of his immigration status.  Detecting no reversible error, we deny Chi's petition for judicial review.

## I. Background

Chi entered the United States without valid travel papers in 1989.  Ordered by immigration officials in 1995 to show cause why he should not be removed under § 241(a)(1)(A) of the Immigration and Naturalization Act, now codified at 8 U.S.C. § 1227(a)(1)(A), Chi appeared before an immigration judge (IJ) in 1996, conceded removability and cross-applied for asylum, withholding of removal, and other relief.  Following an evidentiary hearing in 1997, an IJ found Chi's testimony completely lacking in credibility and rejected his requests for relief — though the IJ

---

[1]Immigration authorities actually put Chi in <u>deportation</u> proceedings.  In 1996, however, Congress "replaced all references to 'deportation' with 'removal.'"  <u>Morales-Izquierdo</u> v. <u>Gonzales</u>, 486 F.3d 484, 488 n.3 (9th Cir. 2007)(en banc)(citing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, div. C, 110 Stat. 3009-546).  To avoid confusion, we use the current term "removal" throughout this opinion, even when discussing the pre-1996 phase of the "deportation" proceeding. <u>See</u> <u>id.</u>

did grant Chi the privilege of voluntarily departing the United States. See generally 8 U.S.C. § 1229c.

A form of discretionary relief, voluntary departure can create a "win-win" scenario. Naeem v. Gonzales, 469 F.3d 33, 36 (1st Cir. 2006). Voluntary departure helps the government by speeding up repatriation and cutting out costs associated with removal, and it helps the alien by allowing him to pick his travel destination and avoid some of the sanctions that accompany removal. Id. at 36-37. There is a catch, however: an alien who does not leave within the allotted time faces severe sanctions, including a ten-year period of ineligibility for key "forms of immigration-related relief." Id. at 37 (discussing 8 U.S.C. § 1229c(d)(1)).

Instead of leaving the country, Chi appealed the IJ's decision to the BIA. Seeing ample record support for the IJ's findings and conclusions, the BIA dismissed Chi's appeal in July 1998 and ordered him to depart within 30 days of its decision. Chi did not ask us to review the BIA's order. Nor did he depart within the prescribed voluntary departure period.

As the years passed a key milestone created a new argument for Chi's staying here. Having become the beneficiary of an approved "I-140" visa application sponsored by his employer, Chi asked the BIA in 2006 to reopen his case to adjust his status. See 8 U.S.C. § 1255(i). Chi had filed two other motions to reopen before 2006 — each either time- or number-barred by statute and

-3-

regulation. See 8 U.S.C. § 1229a(c)(7)(A) (decreeing that only one motion to reopen is permitted as of right); 8 U.S.C. § 1229a(c)(7)(C)(i) (declaring that a motion to reopen must be filed within 90 days of the BIA's final order of removal); see also 8 C.F.R. § 1003.2(c)(2) (same). This time, however, the government joined Chi's motion to reopen — a development that exempted his motion from the time-and-number restrictions, see 8 C.F.R. 1003.2(c)(3)(iii), and caused the BIA to order a remand so an IJ could consider Chi's adjustment of status application.

Chi, however, had another problem. Because he did not depart within the assigned time, he faced a ten-year period of ineligibility for adjustment of status relief. See 8 U.S.C. § 1229c(d)(1)(B). Conceding at a November 2007 hearing that Chi had another nine months left on the ten-year ban, Chi's counsel asked the IJ for a continuance. Noting that Chi knew the consequence of not departing as required, the IJ ruled that Chi's demonstrated lack of credibility undercut his bid for discretionary relief, including his request for adjustment of status. Consequently, the IJ denied Chi's continuance motion, denied his adjustment of status application, and ordered him removed. The BIA affirmed in April 2009, holding that Chi had received a full and fair hearing and that even though the ten-year ban had now ended, his well-documented credibility problems precluded him from receiving discretionary relief.

-4-

Still hoping for a status adjustment, Chi filed another motion to reopen with the BIA a month later, again citing to the approval of the I-140 visa application.[2] Chi claimed that the expiration of the ten-year bar to adjustment of status relief constituted "new" and previously unavailable "evidence" — even though the BIA had just held that the ban's ending would not entitle him to relief. Consistent with its earlier decision, the BIA ruled in October 2009 that the ban's passing did not "overcome" the prior adverse credibility finding. Concluding that Chi was "undeserving" of discretionary relief, the BIA denied his motion.

This petition for judicial review followed.

## II. Discussion

Chi's central claim is that the ten-year ban's passing constituted "new material evidence" that the BIA did not address — a failure that constituted both an abuse of discretion and a denial of due process. Contending that the immigration laws are broken, as exhibited by the government's failure to "arrest" and "deport" him for overstaying the prescribed departure period, Chi seems to

_____

[2]We cannot tell from the record whether Chi's May 2009 motion fell within any of the "few, narrowly circumscribed exceptions" to the time-and-number rules for motions to reopen. See Peralta v. Holder, 567 F.3d 31, 33 (1st Cir. 2009). The BIA did not say whether it did. Consequently, even if Chi's May 2009 motion was time-and-number barred, we could not deny his petition for judicial review on that basis. See, e.g., Jimenez-Gonzalez v. Mukasey, 548 F.3d 557, 563 (7th Cir. 2008) (emphasizing that appellate courts "cannot deny [a] petition based on a rationale that neither the BIA, nor the IJ, relied upon").

suggest that the government should be estopped from removing him and that we should engage in "judicial law making" to help the laws apply more fairly to all.

## A. __A jurisdictional matter__

At the outset, the government contends that we lack jurisdiction to review the BIA's order denying Chi's motion to reopen for status adjustment.  Citing 8 U.S.C. § 1252(a)(2)(B)(i), the government starts by noting that no court has jurisdiction to review the discretionary denial of an adjustment of status application.  Building on that foundation, the government stresses that the BIA denied Chi's motion to reopen because he did not deserve an affirmative exercise of discretion necessary for status adjustment relief.  From this, the government reasons that if we cannot review a decision denying status adjustment, then we cannot review a decision denying a motion to reopen premised on a ruling that an alien is not ultimately entitled to status adjustment relief.

The Supreme Court, however, has reserved for future decision "whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief."  Kucana v. Holder, 130 S. Ct. 827, 839 n.17 (2010).  Given that courts can bypass a close jurisdictional question if the merits ruling is "foreordained" and does not create

new precedent, see Seale v. INS, 323 F.3d 150, 152 (1st Cir. 2003), we leave the issue for another day and turn to the merits.

## B. **The merits**

### 1. No abuse of discretion

As an alien moving to reopen for status adjustment, Chi had to show prima facie eligibility for status adjustment relief. See, e.g., Falae v. Gonzales, 411 F.3d 11, 14 (1st Cir. 2005). He also had to point to material, previously unavailable evidence that he intended to introduce on remand. Id. Even if he met these basic requirements, however, he still had to "persuade the BIA to exercise its discretion affirmatively and order the case reopened." Id. (citing, inter alia, 8 C.F.R. § 1003.2(a)). Reviewing the BIA's order under the highly deferential abuse of discretion standard, see, e.g., Oliveira v. Holder, 568 F.3d 275, 277 (1st Cir. 2009), we conclude that the BIA had ample reasons to deny Chi's motion. Cf. Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007) (emphasizing that "the BIA enjoys considerable latitude in deciding whether to grant or deny" a motion to reopen, adding that "such a decision will stand unless the complaining party can show" that the BIA misread the law or otherwise acted "in an arbitrary, capricious, or irrational way").

Chi's abuse of discretion claim turns on his belief that the expiration of the ten-year bar for status adjustment represented "new and material evidence" that the BIA totally

-7-

ignored. Chi is mistaken. Assuming for argument's sake that the ban's ending was material and not previously available "evidence," the record reveals that the BIA <u>explicitly</u> factored that "evidence" into its decision. Given Chi's lack of credibility, however, the BIA held that the ban's passing did not "overcome" the conclusion that Chi would not be granted a status adjustment because he did not deserve a favorable exercise of discretion. The bottom line is that the BIA weighed all the relevant factors, exercised independent judgment, and expressed a solid and entirely rational reason for denying Chi's motion to reopen. Consequently, the BIA acted well within its discretion in denying Chi's motion. <u>Cf.</u> <u>Carter</u> v. <u>INS</u>, 90 F.3d 14, 17 (1st Cir. 1996) (holding, <u>inter alia</u>, that the BIA can deny a motion to reopen if it "reasonably determines that the equities do not justify the application of a discretionary balm"). Ultimately, then, Chi's argument fails.

## 2. No due process violation

Chi's due process challenge, which we review <u>de novo</u>, <u>see</u>, <u>e.g.</u>, <u>Teng</u> v. <u>Mukasey</u>, 516 F.3d 12, 17 (1st Cir. 2008), also fails. Chi insists that the BIA violated his due process rights by ignoring the "newly available evidence" of the ban's ending. But, again, the BIA did no such thing. Rather, the BIA <u>specifically</u> balanced the ban's passing against the prior adverse credibility finding and <u>pointedly</u> concluded that Chi <u>still</u> did not merit discretionary relief.

In any event, a credible due process challenge "requires that there be a 'cognizable liberty or property interest at stake.'" McCreath v. Holder, 573 F.3d 38, 41 (1st Cir. 2009) (quoting Jupiter v. Ashcroft, 396 F.3d 487, 492 (1st Cir. 2005)). There is none here. A reopening is discretionary relief. See Naeem, 469 F.3d at 38-39. Because an alien has no right or entitlement to a reopening, he or she has no protected liberty or property interest in that remedy. Id. (putting adjustment of status in that same category). Consequently, we see no basis here for a due process claim. See id.

### 3. No equitable estoppel or judicial rewrite

Stressing that the government failed to arrest and deport him after he failed to leave the country as required in 1998, Chi insists that the immigration laws are not working and that we must do a judicial rewrite so that the laws will apply fairly to all. To the extent that Chi is suggesting that the government's "failure" to remove him then equitably estops it from removing him now, that suggestion is a non-starter. Chi cites no authority and offers no developed argument to support an equitable estoppel claim, so we consider it waived. See, e.g., Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005) (deeming waived "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation") (quotations omitted); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "[i]t is

-9-

not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work"). We also reject Chi's request that we redraft the statutory and regulatory scheme here. Under our constitutional system of separation of powers, it is not our job to rewrite clear statutes to better reflect "common sense and the public weal" — that is Congress's job. See TVA v. Hill, 437 U.S. 153, 195 (1978) (quotations omitted); see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 866 (1984) (noting that "federal judges — who have no constituency — have a duty to respect legitimate policy choices made by those who do," adding that "[t]he responsibilities for assessing the wisdom of such policy choices and resolving the struggle between competing views of the public interest are not judicial ones").

### III. Conclusion

For the reasons recorded above, we **affirm** the BIA's order denying Chi's motion to reopen to adjust status and **deny** his petition for judicial review.

**So Ordered**.