FILED

OCT 1 2013

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-12-1558-KiTaKu |
| ERLINDA KOO, | Bk. No.   2:11-59180-SK |
| Debtor. | |
| | |
| ERLINDA KOO, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| VNO SHOPS ON LAKE, LLC, | |
| Appellee. | |

Argued and Submitted on September 19, 2013,
at Pasadena, California

Filed - October 1, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding.

Appearances:   Tony Otha Thompson, Esq., argued for appellant, Dr. Erlinda Koo; Todd E. Whitman, Esq. of Allen Matkins argued for appellee, VNO Shops on Lake, LLC.

Before: KIRSCHER, TAYLOR and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Individual chapter 11[2] debtor, Dr. Erlinda Koo ("Koo"), appeals an order from the bankruptcy court overruling her objection to a proof of claim filed by appellee, VNO Shops on Lake, LLC ("VNO"). We DISMISS the appeal as MOOT.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Prepetition events**

On or about May 14, 2003, VNO's predecessor, as landlord, and Gemini Business Concepts, Inc. ("Gemini"), as tenant, entered into a five-year written lease agreement ("Lease") for certain commercial property located at The Shops on Lake Avenue, Pasadena, California ("Premises"). Gemini was a California corporation owned by Koo, who signed the Lease as Gemini's "chairperson." The Premises was used for the operation of a Japanese restaurant. The Lease contained an option to renew for another five-year term from 2008-2013. The parties disagreed about whether Koo ever exercised the option, but the bankruptcy court found that she had.

Concurrently with the Lease, Koo executed a written guaranty of lease ("Guaranty"), wherein Koo personally guaranteed, among other things, Gemini's payment of all rents and other sums payable under the Lease.

On or about November 17, 2007, Koo as "owner" of Gemini executed an assignment of the Lease ("Assignment") to Royal Jade Investments, Inc. ("Royal Jade"), another corporation owned by Koo. Koo also executed as "owner" of Royal Jade an acceptance of the Assignment, agreeing to be bound by all terms, conditions and

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

covenants in the Lease, including the payment of rent. VNO, as landlord, consented to the Assignment.

On December 14, 2007, Koo executed an affirmation of guarantors ("Affirmation"), wherein Koo reaffirmed her Guaranty of Royal Jade's obligations under the Lease, including the payment of all rents due and payable to VNO.

As the result of VNO's unlawful detainer action against Royal Jade, the state court entered a judgment for possession in favor of VNO on November 18, 2011. The parties also agreed to a settlement on the record whereby Royal Jade would pay VNO $113,063, with $24,000 to be paid by November 11, 2011, and five monthly payments of $17,812.70 to be paid by the 15th of each month. The parties further agreed that if all payments were made, Royal Jade and Koo would be released from all past and future liability. If any payments were missed, VNO could pursue all past and future amounts less any payments made.

On December 2, 2011, the state court entered a writ of possession directing the sheriff to enforce the judgment against Royal Jade. Koo was not personally named on either the possession judgment or the writ of possession. The parties agree that Koo timely tendered the $24,000 payment. However, no further payments were made.

**B. Koo's objection to VNO's claim**

Koo filed a chapter 11 bankruptcy case on December 1, 2011. Royal Jade filed a chapter 7 bankruptcy case two weeks later on December 14, 2011.

Based on her Guaranty, VNO filed an amended proof of claim ("Claim") in Koo's bankruptcy case for $228,902.61: $152,110.26

-3-

in pre-surrender rent and $76,792.35 in damages per § 502(b)(6).

Koo objected to VNO's Claim contending, among other things, that the Guaranty failed to impose liability on her because it was an unenforceable "sham guaranty" under CAL. CIV. CODE § 2787.[3] VNO disputed Koo's sham guaranty argument.

On October 10, 2012, the bankruptcy court issued a tentative ruling on the Claim objection. In short, the court found that Koo's Guaranty was not a sham, and that she was liable for breach of the Lease. The court rejected Koo's "sham guaranty" argument on two bases. First, Koo was estopped from arguing that she and Royal Jade were not legally distinct. Royal Jade had filed for bankruptcy, and Koo had signed the petition as Royal Jade's president. Therefore, reasoned the court, Koo had acknowledged that Royal Jade was a separate legal entity. Further, the schedules showed that Royal Jade owned separate property, including a liquor license. Second, Koo could not use the alter ego doctrine defensively to "accomplish an 'inequitable purpose' of avoiding her obligations under the Guaranty."

The bankruptcy court distinguished the cases cited by Koo as "inapplicable," because they involved issues regarding whether a general partner is liable for a partnership's debts and liabilities for deficiencies related to real property purchases governed by California's antideficiency statues. The court further rejected Koo's argument that Royal Jade was a "dummy" corporation. Koo had Royal Jade file its own bankruptcy case. To

---

[3] Koo had also argued that VNO's Claim should be offset by the $24,000 payment she made in November 2011. VNO and the bankruptcy court agreed. The Claim was reduced accordingly.

-4-

take Koo's argument to its logical conclusion would mean that Koo was individually liable to all of Royal Jade's creditors, and that Royal Jade's bankruptcy case itself was a sham.

The bankruptcy court held a hearing on the Claim objection on October 11, 2012. After hearing oral argument from the parties, the court announced that its tentative ruling would be the final ruling.

On October 17, 2012, the bankruptcy court entered its order overruling Koo's objection in part, sustaining it in part, and allowing VNO's Claim for $204,902.61, which reflected the conceded $24,000 reduction. The court entered its tentative ruling as its final ruling on November 2, 2012. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We discuss our jurisdiction under 28 U.S.C. § 158 below.

## III. ISSUES

Is this appeal moot? If not, did the bankruptcy court err by not applying the "sham guaranty" test to determine Koo's liability under the Guaranty?

## IV. STANDARDS OF REVIEW

Mootness is a question of law reviewed de novo. S. Ore. Barter Fair v. Jackson County Ore., 372 F.3d 1128, 1133 (9th Cir. 2004)(citing Ore. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1116 (9th Cir. 2003)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008)(citation omitted).

-5-

An order overruling a claim objection can raise legal issues, which we review de novo, as well as factual issues, which we review for clear error. Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 918 (9th Cir. BAP 2011). "De novo review is independent, with no deference given to the trial court's conclusion." Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012). A finding of fact is clearly erroneous if it is illogical, implausible or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010)(citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009)(en banc)).

## V. DISCUSSION

Counsel for VNO informed us at oral argument that Koo's bankruptcy case had been dismissed while this appeal was pending, thereby rendering the appeal of her Claim objection moot.[4] We reviewed the bankruptcy court's electronic docket and have confirmed that Koo's chapter 11 case was dismissed on September 13, 2013. (Dkt. no. 227). See FED. R. EVID. 201(c) & (f); O'Rourke v. Seabord Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989)(panel may take judicial notice of the bankruptcy court docket or of matters relevant to the appeal).

We lack jurisdiction over moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). If the

---

[4] While we appreciate this information from VNO, it really should have been provided to us by counsel for Koo. See Arizonans for Official English v. Ariz., 520 U.S. 43, 68 n.23 (1997)("It is the duty of counsel to bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness.").

-6-

appeal is moot, we must dismiss it. Id. A case is moot "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party . . . ." Id.

With the dismissal of a bankruptcy case, property of the bankruptcy estate revests in the debtor (or other entity that owned the estate property prepetition). See § 349(b)(3). The dismissal order terminates the bankruptcy estate. Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno), 320 B.R. 473, 478 (1st Cir. BAP 2005), aff'd, 429 F.3d 16 (1st Cir. 2005)("dismissal of the bankruptcy petition immediately terminates both the automatic stay and the bankruptcy estate."). If the bankruptcy estate no longer exists, then the court need not resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate. Cf. Nash v. Kester (In re Nash), 765 F.2d 1410, 1412-13 (9th Cir. 1985)(allowed claim in chapter 13 plan had no right to further payment under plan after bankruptcy case was dismissed). See also Robbs v. Hughes, Hubbard & Reed (In re Robbs), 67 F.3d 308 (9th Cir. 1995)(unpublished table case) (appeal of order allowing claim is rendered moot when underlying bankruptcy case is dismissed).

We conclude that Koo's appeal is moot, because subsequent events have occurred making it impossible for us to fashion any effective form of relief for her. The bankruptcy estate, from which VNO's Claim seeks payment, no longer exists, and VNO will now have to pursue its remedies for breach of the Lease against Koo in state court. Hence, a reversal of the Claim order would be meaningless.

-7-

**VI. CONCLUSION**

Accordingly, because the appeal is MOOT, we DISMISS for lack of jurisdiction.